IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JACOB ELIZARDO ARAGON,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS<br><br><br>Case No. 2:21-CR-325 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Jacob Elizardo Aragon's Motion to Suppress. For the reasons discussed below, the Court will deny Defendant's request for an evidentiary hearing without prejudice and order Defendant to supplement his Motion.

I.　BACKGROUND

　　　　In this multi-defendant case, Defendant Aragon is charged with conspiracy to distribute heroin, possession with intent to distribute heroin, and possession of firearm and ammunition by a user of a controlled substance. As part of its investigation, the United States sought and obtained wiretap warrants. Defendant seeks "an order suppressing all evidence containing a recording putatively of his voice, or in which he is putatively discussed, received from the interception of telephone communications pursuant to wiretap orders issued by the" Court.[1]

　　　　Defendant claims, in conclusory fashion, that the wiretap applications, affidavits, and orders (the "interception documents") lacked probable cause, failed to comply with the

---

[1] Docket No. 195, at 1.

requirements of 18 U.S.C. § 2518, were not necessary, and were either overbroad or insufficient. He further argues that non-pertinent interceptions were not sufficiently minimized as required and that the interceptions were not made in conformity with the orders authorizing them. Defendant requests an evidentiary hearing to explore these issues.

## II.  DISCUSSION

"To warrant an evidentiary hearing, [a] motion to suppress must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."[2]  "A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact."[3]

Here, Defendant's conclusory allegations are insufficient to warrant an evidentiary hearing at this time.  Defendant does not identify which of the interception documents are allegedly deficient.  Nor does he provide enough information beyond his vague statements as to how they are deficient.  Without such information, the government cannot adequately respond to Defendant's Motion and an evidentiary hearing would be of little value.  Moreover, many of the arguments made by Defendant, such as the existence of probable cause and compliance with statutory requirements, will be determined by an examination of the relevant documents and will

---

[2] *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (internal quotation marks and citation omitted).

[3] *Id.* (internal quotation marks and citation omitted).

not require an evidentiary hearing.[4]  Thus, the Court will deny Defendant's request for an evidentiary hearing without prejudice.

Defendant is ordered to supplement his Motion to clarify exactly what interception documents are deficient and how they are allegedly violative of the Fourth Amendment and 18 U.S.C. § 2518.  In addition, Defendant must clarify which communications were not adequately minimized and how the interceptions were not made in conformity with the orders authorizing them.  Failure to do so may result in denial of Defendant's Motion.  Upon review of Defendant's supplemental filing, the Court will determine whether an evidentiary hearing is warranted.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's request for an evidentiary hearing on his Motion to Suppress is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Defendant supplement his Motion by February 28, 2022.

DATED this 26th day of January, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] *See United States v. Beck*, 139 F. App'x 950, 954 (10th Cir. 2005) (stating that a "court must ascertain the existence of probable cause to support a warrant exclusively from the affidavit's four corners"); *United States v. Oregon-Cortez*, 244 F. Supp. 2d 1167, 1172 (D. Colo. 2003) (concluding that a judge considering a motion to suppress wiretap evidence should confine its analysis to the information before the issuing judge).